58 Cal.Rptr.3d 923 (2007)
150 Cal.App.4th 1304
The PEOPLE, Plaintiff and Respondent,
v.
Fernando LOZANO, Defendant and Appellant.
No. B189649.
Court of Appeal of California, Second District, Division Four.
May 18, 2007.
*924 Shawn O'Laughlin, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Dane R. Gillette, Chief Assistant Attorneys General, Pamela C. Hamanaka, Senior Assistant Attorney General, Steven D. Matthews and G. Tracey Letteau, Deputy Attorneys General, for Plaintiff and Respondent.
EPSTEIN, P.J.
This is one of many appeals raising issues concerning the effect of trial court error in basing an upper term sentence, in part, on non-recidivist facts not submitted to a jury or admitted by the defendant. Following United States Supreme Court precedent, we conclude that such error is tested under the harmless beyond a reasonable doubt standard of Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, and, so considered, is harmless in this case because the pertinent facts are supported by uncontested evidence at trial, and no other reasonable *925 conclusion may be drawn but that they were committed in the course of the criminal conduct. Accordingly, we affirm the trial court judgment.

FACTUAL AND PROCEDURAL SUMMARY
On November 6, 2005, Gadis Villalobos attended a party with a friend on 260th Street in Los Angeles. Appellant was also in attendance and after leaving for a while was not allowed to reenter. Appellant argued with the person who refused to allow him in and then apologized.
A short time later, Mr. Villalobos heard his car alarm. When he went outside, he saw appellant "carving something into [his] car." Appellant slashed the car's tires and told Mr. Villalobos he had better call a tow truck because he was going to have to tow the car home. Appellant also said, "something about 255 Street." Mr. Villalobos understood "255 Street" to mean "whatever gang [appellant was] in." Appellant hit Mr. Villalobos and Mr. Villalobos stepped back. Mr. Villalobos estimated the damage to his vehicle was approximately $7,100. The front windshield was smashed, the two side mirrors were kicked off, the right and left sides of the car, including the fenders, were dented and the phrases, "Fuck him, 255" and "Tow him, Fuck him" were carved on the side of the car. Mr. Villalobos had spent approximately $300 to change the front windshield, to buy a new side mirror and four tires and estimated it would cost another $6,800 to make the other repairs.
The trial court explained its decision to impose the high term as follows:
"The early disposition report gives me a fair amount of information on this case. But the vandalism count alone was a serious offense, especially because of the amount of damage done to the victim's car. But when I consider other things, in addition to that, the $7,100 that the victim claims was damaged to his car, $300 he paid and the rest is yet to be paid. And just as an aside, because he needs a car to work or get around, he has to go around with that gang information on the side of his car. I don't know why he just doesn't paint over it just to cover it up, but that's another issue. When I look at the defendant's record and cross out all of the things that say `arrest only' because there are some of those, even though probably something else happened, but I'm not going to do guesswork there. Just for the things that I'm not crossing out, the defendant started at age 16 with 1995, terrorist threat. 1995, misdemeanor trespassing. 1996, possession for sale of cocaine. Sustained petition. And then he is now 17 years old, and we're into drugs. 18, he has a knife on school property. And 1997, he is now 18 years old, he gets a break. He gets county jail and then he violates; violates and ends up in prison for two years. And then he has possession of firearm. Probation file revocation proceeding in view of a new filing. Concealable record. By that time, some judges are saying `what is going on here' and why doesn't he send the defendant to prison. Give him 16 months. It says jail. I wonder if that is not probation plus some jail. And then he gets a 242, violence, battery against a spouse or girlfriend. And then in 2004, he is arrested for resisting, but that case is dismissed. Doesn't count against him and so forth. Terrible record. I don't know what the defendant's background is or if he has reasons for doing these things along from the time he was very young until the timehe is 27 years old right now. So this court finds that aggravation *926 clearly outweighs mitigation. I'm giving him the high base term of three years. He's lucky that the D.A. doesn't have the proof or can't go on the other one year. And he's lucky that the D.A. decided to dismiss count 2, which would have been an additional possible time. So he's getting the three years, minus 98, plus 48 for 146 days. So that much time is gone."
Consistent with this explanation, defendant was sentenced for vandalism (Pen. Code, § 594, subd. (a); all subsequent statutory citations are to this code.) On appeal, he argued that imposition of the upper term without a jury determination of the predicate facts violates Blakely v. Washington (2004) 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, notwithstanding the decision of the California Supreme Court in People v. Black (2005) 35 Cal.4th 1238, 29 Cal.Rptr.3d 740, 113 P.3d 534, that such sentencing is consistent with high court precedent. That aspect of Black was abrogated by the later United States Supreme Court decision, Cunningham v. California (2007) 549 U.S.___, 127 S.Ct. 856, 166 L.Ed.2d 856. We invited counsel to present supplemental briefs on the effect of Cunningham on the issues before us. They have done so, and we have considered the arguments they presented.

DISCUSSION
The seminal case is Apprendi v. New Jersey (2000) 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. In that case, the high court held that a defendant is entitled to have a jury decide whether the criminal conduct charged against him justified an enhanced sentence under the state hate crime law. The factual basis for the enhancement was decided by the judge without reference to a jury or waiver of the right to a jury determination. The court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Id. at p. 490, 120 S.Ct. 2348.) That rule was reiterated and applied in a series of high court decisions. One of these, Blakely v. Washington, supra, 542 U.S. 296, 301, 124 S.Ct. 2531, applied it to invalidate enhanced punishment imposed under a sentencing scheme that bore some similarity to the punishment triad (upper, middle, and lower term) system used in the California determinate sentencing law. (See § 1170.) In People v. Black, supra, the California court considered whether the provision in section 1170, subdivision (b), that the middle term be imposed "'unless there are circumstances in aggravation or mitigation of the crime,'" triggered the right to jury trial under Apprendi and Blakely. The California court held that it did not; the United States Supreme Court, in Cunningham, held that it did.
Putting to one side the People's argument that defendant forfeited a claim of Blakely I Cunningham error by not raising, or not adequately raising, the issue before the trial court, we conclude that such error did occur but that it was harmless under the circumstances presented in this case.
As the recitation of circumstances justifying the high term demonstrate, the trial court based its decision on both recidivist and nonrecidivist factors. Defendant's record of prior convictions (for which no enhancement was imposed) is amply sufficient to justify the high term. But the court also based its decision on the circumstances of the crime itself: defendant smashed the windshield, kicked off both side mirrors, damaged the fenders, flattened *927 the tires, and carved marks on one side of the car. Part of this was done even as the victim was trying to dissuade defendant from continuing his vandalism; the victim was met with insults. The victim estimated the cost of repairing his car to amount to $7,100, far above the $400 threshold required for the felony grade of vandalism. (§ 594, subd. (b)(1).) These facts also amply justify aggravating the punishment for felony vandalism to the high term.
The problem is that the circumstances of the crime are not recidivist in nature, and hence are subject to the rule of Apprendi, Blakely, and Cunningham. To the extent the trial court relied on nonrecidivist factors, we conclude that the upper term was imposed in violation of Blakely and Cunningham. (That said, the trial court is not to be faulted for the error since the sentencing in this case was imposed in conformity with People v. Black, supra, under which it would have been valid, and before the Cunningham decision was announced.)
That does not end the inquiry, because the United States Supreme Court has held that Blakely error is not "structural," requiring automatic reversal, but is subject to the harmless beyond a reasonable doubt standard. (Washington v. Recuenco (2006) 548 U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466.) In Recuenco, the defendant was convicted of assault of the second degree based on a jury finding that the crime was committed with a deadly weapon, a circumstance that subjected defendant to a one-year added term. In fact, the deadly weapon was a firearm, a circumstance that would subject the defendant to a three-year enhancement. The trial court imposed the three-year term, even though the jury had not found that defendant used a firearm in commission of the crime. As the defendant urged and the prosecution conceded, that was Blakely error. But it was not within the narrow class of constitutional error that may be described as "structural," requiring automatic reversal. (Recuenco, supra, 548 U.S. ___, 126 S.Ct. at p. 2551.) The state Supreme Court had ruled the error was structural; the United States Supreme Court reversed and remanded for further proceedings, i.e., to decide whether the error was harmless beyond a reasonable doubt.
The Recuenco court relied heavily on its earlier precedent in Neder v. United States (1999) 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35. Neder was convicted of income tax fraud (and other crimes) for which materiality was an element. But the trial court erroneously ruled that the issue of materiality was for it to decide, and failed to include it as an element in instructing the jury. But the error was harmless because no jury could find that Neder's failure to report substantial income on his tax returns was not material. The evidence was so overwhelming that he did not even contest that issue. Where, as here, a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by substantial evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless. (527 U.S. at p. 19, 119 S.Ct. 1827.) While Neder involved omission of an element of a crime and Recuenco involved a sentencing factor, there is no constitutional distinction to be drawn. (Recuenco. supra, 548 U.S. ___, 126 S.Ct. 2546.)
This case is not significantly different from either of these recent Supreme Court decisions. The evidence showed *928 that defendant's vandalism consisted of multiple acts of damage to the victim's car: the windshield was smashed, the side mirrors were kicked off, the wheels were flattened, the fenders bent in, and the car was carved with defendant's insulting language. Any one of these, as well as other circumstances of the crime, was sufficient to justify the finding of malice. The multiple acts, and the amount of damage they caused, were more than sufficient to justify the high term. As we have indicated, none of these circumstances was contested; the jury heard no evidence but that they were committed. The defense in the case was simply that someone else committed the crime. The jury found the crime was committed by defendant.
Under these circumstances, we can say that no reasonable jury would fail to find that these several malicious acts occurred. That made defendant eligible for high term sentencing, which the trial court exercised its discretion to impose.

DISPOSITION
The judgment is affirmed.
We concur: WILLHITE and MANELLA, JJ.